UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 15-CR-00223** |
| | * | |
| **VERSUS** | * | **JUDGE FOOTE** |
| | * | |
| **SHAWN D. DRIGGERS     (01)** | * | **MAGISTRATE JUDGE HORNSBY** |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION IN LIMINE (DOC. 26)**

Now into Court, come the United States, through the undersigned Assistant United States Attorney for the Western District of Louisiana, who states in response to the Motion in Limine, the following:   The undersigned submits there is no basis for an evidentiary hearing on the Motion in Limine. If the Court wishes to hear arguments on the motion, the undersigned will be prepared to do so at the time of the currently scheduled hearing.

**I.     Evidence and/or Testimony the Defense is Moving to Limit or Strike**

   1)   The defense moves to exclude or limit the admission of photographs of the victim that were taken during the time it is alleged the defendant sexually exploited her.

   2)   The defense moves to exclude the testimony of Dr. John Simoneaux.

   3)   The defense moves to exclude video recordings of the victim created during law enforcement interviews.

The United States will address each of the listed items separately including the legal justification for their admission.

**II.     Exclusion or Limitation of Photographs of the Victim that were Taken During the Time it is Alleged the Defendant Sexually Exploited Her**

The defense moves to exclude or limit images of the victim taken during the time period that the defendant sexually exploited her.  He cites no case for this proposition, instead relying generically on FRE 401 and 403, arguing that the images will inflame the jury.  The United States first notes that the images in question are not of a sexual nature.  They are innocent images of the victim that were taken during the time frame of the charged sexual exploitation[1].  They are not images of the sexual exploitation.  The images effectively give the jury a temporal context in which the abuse was occurring.  Though it is the intent of the United States to limit the number of images to approximately one or two per year, the images in total are relevant evidence for the jury, and as a result of their nature, do not tend to inflame the jury.

The undersigned could not find a single case in which a district or appellate court prevented the introduction of innocent images of a victim of sexual or physical abuse pursuant to FRE 403. There are other cases in which images of a much more prejudicial nature were found to be admissible over a FRE 403 objection.

In *United States v. Martinez-Herrera*, 539 Fed. Appx. 598 (5th Cir. 2013)(not selected for publication) the court found that the introduction of photographs of a

---

[1] The defendant is alleged to have sexually exploited his stepchild when she was between the ages of 5 and 13.

murder victim, while lying in a hospital bed still alive with medical tubes attached to her, was not abuse of discretion. In making that finding, citing *United States v. Fields*, 483 F.3d 313, 355 (5th Cir. 2007), the Court found the photographs in question were no more prejudicial than photographs of the victim's dead body in a murder case.

In *United States v. Caldwell*, 586 F.3d 338 (5th Cir. 2009), the jury was shown excerpts of 3 videos of child pornography that were seized from the defendant. In an effort to prevent those excerpts from being displayed to the jury, the defense agreed to stipulate to the nature of the images. Even after a stipulation was accepted and read to the jury, the prosecution was allowed to display portions of three (3) of the videos to the jury. In upholding the district court's ruling, allowing the admission of the portions of the videos the 5th Circuit stated:

> . . . child pornography is graphic evidence that has force beyond simple linear schemes of reasoning. It comes together with the remaining evidence to form a narrative to gain momentum to support jurors' inferences regarding the defendant's guilt. It provides the flesh and blood for the jury to see the exploitation of children. The general, conclusory language of the stipulation that the videos "contain visual depictions of minors under the age of eighteen, engaging in sexually explicit conduct" does not have the same evidentiary value as actually seeing the particular explicit conduct of the specific minors. Jurors have expectations as to the narrative that will unfold in the courtroom. If those expectations are not met, jurors may very well punish the party who disappoints by drawing a negative inference. For example, jurors expect to see a gun in the case of a person charged with using a firearm to commit a crime. *Citations omitted. Id* at 343.

Consistent with the reasoning in Caldwell, the images of the victim during the time frame of the alleged abuse provide the jury the ability to see the child during the time the abuse was taking place. When one contrasts the nature of the images the United States intends to introduce with the images and videos found admissible in *Caldwell* and *Fields*, there is no basis to exclude the innocent images of the victim.

### III. Exclusion of the Testimony of Dr. John Simoneaux

The defense moves to exclude the testimony of Dr. John Simoneaux on the grounds that the report summarizing his testimony has not been turned over. The United States concedes that the report has not been turned over as of the time of the preparation of this response. The undersigned expects that the report will be turned over prior to the time of the hearing, approximately two (2) months prior to the trial in the above-entitled case. The reason the undersigned has not turned over the report is because it has not been produced by the expert. The failure to turn over the report is neither being done for the purpose of surprise or to disadvantage the defense. The defense has already employed Dr. Vegan from Shreveport, Louisiana, in connection with the defense of the case. The undersigned recently received Dr. Vegan's report. As such, he has not been disadvantaged by the late disclosure.

The undersigned acknowledges the requirement that it turn over its expert report prior to trial, and it is the intent of the United States to turn that report over as soon as it is received from the expert John Simoneaux. Federal Rules of Criminal Procedure specify no specific time limit in which expert reports must be turned over.

Preventing a party from introducing evidence, including expert testimony as a result of late disclosure, should only be done in the most extreme cases. In exercising its discretion, the Court should consider factors such as the reasons for the late disclosure, as well as the prejudice to the opposing party *United States v. Bentley*, 875 F.2d 1114, 1118 (5th Cir. 1989). The purpose of Rule 16(a)(1)(G) is to minimize surprise that often results from unexpected expert testimony, and to provide the opponent with a fair opportunity to test the experts testimony through cross examination. *United States v. Cuellar*, 478 F.3d 282, 293-94 (5th Cir. 2007). As noted in *United States v. Balogun*, 971 F. Supp. 1215 (N.D. Ill. 1997), turning over reports three (3) weeks prior to trial is not unreasonable.

In the case at bar the undersigned has done everything to turn over the expert report in a timely fashion. The defense will have the report in excess of two (2) months prior to trial. He has already hired an expert, Dr. Vegan. As such he has not been prejudiced. As such, under the totality of the circumstances there is no basis to exclude the expert testimony.

IV. **Exclusion of Video Recordings of the Victim Created During Law Enforcement Interviews**

The defense apparently moves to exclude the video recordings of the victim's interviews by law enforcement in the Motion in Limine. The United States does not intend to introduce the video recordings of the victim in the trial. Those videos would be inadmissible hearsay evidence. Absent contrary order of this Honorable Court, the United States, as in every case, will turn the video recordings over to the defense pursuant to the Jenks Act prior to trial.

Because the video recordings would not be admissible and do not fall within the purview of Rule 16, the undersigned is unclear as to the nature of the defense's request in the Motion in Limine. The undersigned has reviewed the video recording and has found neither Brady nor Giglio material therein. If the defense is asking that the Court review the video recording of the victim to determine if there is *Brady* or *Giglio* material therein, the undersigned does not oppose the request.

Based upon the legal authority submitted above, the United States moves that this Honorable Court deny the Motion in Limine filed by the defense.

        Respectfully submitted,

        STEPHANIE A. FINLEY
        United States Attorney

By: *s/ John Luke Walker*
     JOHN LUKE WALKER, ID # 18077
     ROBERT W. GILLESPIE, JR., ID # 06202
     Assistant United States Attorney
     800 Lafayette Street, Suite 2200
     Lafayette, Louisiana 70501-6832
     Telephone:   (337) 262-6618

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 15-CR-00223** |
| | * | |
| **VERSUS** | * | **JUDGE FOOTE** |
| | * | |
| **SHAWN D. DRIGGERS (01)** | * | **MAGISTRATE JUDGE HORNSBY** |

CERTIFICATE OF SERVICE

    I hereby certify that on this 16th day of June, 2016, a copy of the foregoing Government's Response to Defendant's Motion in Limine (Doc. 26) was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Mr. H. Cameron Murray by operation of the Court Electronic Filing System.

          *s/ John Luke Walker*
          JOHN LUKE WALKER, ID # 18077
          Assistant United States Attorney