UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 5:15-cr-00223-01 |
| | * | |
| VERSUS | * | DISTRICT JUDGE FOOTE |
| | * | |
| SHAWN D. DRIGGERS | * | MAGISTRATE JUDGE HORNSBY |

**GOVERNMENT'S LIST OF FORESEEABLE ISSUES**
<u>Trial Date: February 13. 2017</u>

NOW INTO COURT, comes the United States of America, represented by the United States Attorney and by the undersigned Assistant United States Attorney, which respectfully provides this list of foreseeable issues:

1.

Defendant's Motion in Limine [Doc. 26] seeking exclusion of evidence or testimony at trial is also pending. The Government has filed a response to this motion [Doc. 38] and a Notice of Disclosure of Dr. Simoneaux, report [Doc. 45]. Additionally, the Government has filed a formal Notice of Intent to present the expert testimony of Dr. Simoneaux with sealed copies of his report and Curriculum Vitae. [Doc. 59]. The government has given notice of two additional experts it intends to call at trial, Dr. Jennifer Olson Rodriguez and Jennifer Flippo. The Curriculum Vitae's and summaries of testimony of Dr. Rodriguez and Flippo have been provided to the defense and the Court.

The Defendant has also moved for the exclusion of various photographs of the victim which have been provided to him by the Government.

2.

Defendant's Motion for In Camera Inspection [Doc. 28] is moot. The Government has provided the Defendant the items he requested.

3.

The Defendant has been presented with a proposed Joint Stipulation concerning the fact that Barksdale Air Force Base was and is in the special jurisdiction of the United States of America and the Western District of Louisiana. However, it has not been signed by the Defendant and his lawyer. A copy of the executed Joint Stipulation will be provided to the Court prior to trial and the original will be introduced at trial after the opening statements. There are no other stipulations at this time.

4.

The presentation of the Government's case-in-chief will last approximately two and one half days. The Government believes the trial itself could take four days to complete.

5.

Proposed Voir Dire Questions by the Government has been filed in a separate filing. [Doc. 61]. Due to the nature of the charged offenses it may take longer than usual to seat the jury.

6.

Proposed Jury Instructions by the Government in addition to the usual charges the Court gives in this type of criminal case have been filed in a separate filing. Additional jury instructions may be necessary depending on the evidence presented during the trial.

7.

Evidence that the Defendant began his unlawful sexual conduct and sexual abuse of the victim before the victim resided on Barksdale Air Force Base and before the "on or about dates" alleged in the Indictment will be presented at trial. This evidence is intrinsic to the present charged offenses pending against the Defendant and is permitted by Rule 413 of the Federal Rules of Evidence. If the Court were to consider this as Rule 404(b) evidence it is admissible. The Government now gives formal notice of its intent to introduce such evidence at trial.

8.

Rule 16 Discovery and non-Rule 16 Discovery, including reports and agent's notes, copies of video and audio recordings, and some Jencks Act material, has previously been provided to the Defendant in discovery and during the motion to suppress hearing. Additional Jencks Act material will be provided to the Defendant as required by law. The Government will provide a transcript of any witness who testified before the Grand Jury and other Jencks Act material (18 U.S.C. §3500) to the Defendant the Friday before the start of trial.

9.

The Government intends to call the victim to testify at this trial. The Government moves for a pre-trial ruling and order that the Defendant will conform with FRE 412 and that he is prohibited from questioning the victim or offering proof that the victim engaged in other sexual behavior and questioning the victim or offer proof of the victim's unrelated sexual behavior. *United States v. Deion Dee Lockhart,* No. 15-50596, pp. 7-9 (5th Cir. December 23, 2016). (to be provided under separate cover).

10.

The Government intends to call the Defendant's wife and his sister to testify at this trial.

Issues associated with these two witnesses should be addressed at the Pre-Trial Conference including prohibiting each witness from testifying that the victim engaged in other sexual behavior, pursuant to FRE 412. Additionally, issues related to spousal privileges should also be addressed. The United States notes that the defendant's spouse previously waived spousal privilege in connection with a pretrial interview.

11.

The defense has given notice of its intent to call Dr. Vigan to testify in the trial. Dr. Vigan's report relates exclusively to current dangerousness as well the defendant's depression. It appears to have been prepared in connection with a bond hearing. The United States would ask for a disclosure of what trial testimony Dr.

Vigan will offer, as well as supporting data, so that it can move to exclude said testimony prior to trial.

WHEREFORE, the Government prays that this Court find the Government's Foreseeable Issues good and sufficient.

Respectfully submitted,

STEPHANIE A. FINLEY<br>UNITED STATES ATTORNEY

By: *s/Robert W. Gillespie, Jr.*      By: *s/ John Luke Walker*
      ROBERT W. GILLESPIE, JR.              JOHN LUKE WALKER
      Assistant U.S. Attorney                  Assistant U.S. Attorney
      (LA Bar No. 6202)                        (LA Bar No. 18077)
      300 Fannin Street, Suite 3208          800 Lafayette Street, Suite 2200
      Shreveport, LA 71101                  Lafayette, LA 70501
      (318) 676-3608                            (337) 262-6618

CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2017, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel for the Defendant by operation of the Court's electronic filing system.

                                         *s/ John Luke Walker*
                                         Assistant U.S. Attorney