UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 15-CR-00223-001 |
| | * | |
| VERSUS | * | JUDGE FOOTE |
| | * | |
| SHAWN D. DRIGGERS | * | MAGISTRATE JUDGE HORNSBY |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF THE
INTRODUCTION OF EVIDENCE PURSUANT TO FRE 414 & 404b**

NOW INTO COURT comes the United States of America, through the undersigned Assistant United States Attorney for the Western District of Louisiana, who states, in support of the introduction of evidence pursuant to Federal Rules of Evidence 414 and 404b, the following:

**I.   Evidence the United States seeks to introduce**

The United States intends to introduce the following evidence at trial pursuant to Federal Rules of Evidence 414 and 404b:

1   The victim will testify that when she was approximately 15 years of age she approached the defendant in an attempt to obtain a vehicle. The defendant agreed to get her the vehicle if she would allow him to engage in sexual activity with her. The victim agreed to and did in fact engage in sexual activity with the defendant. After the conclusion of the sexual activity, the defendant told the victim that she was dirty. Not a virgin

anymore. When initially questioned by law enforcement, the victim admitted that the defendant attempted to engage in sexual activity with the victim, but denied that she complied.

2   During the prior trial, evidence was produced that Jackie Sanchez, while living on Barksdale Military Base, near the defendant, began engaging in a sexual relationship with the defendant. The United States intends to introduce that evidence, as well as the following additional evidence at trial. At the conclusion of one of the sexual encounters between Sanchez and the defendant, the defendant said, "Don't be mad, don't feel sad." Confused by the statement, Sanchez questioned the defendant, asking why he would make that statement. The defendant became extremely nervous, and for a period of time stopped the affair with Sanchez.

## II.  Law and argument

Because the evidence listed above is admissible pursuant to different rules of the Federal Rules of Evidence, their admission will be addressed separately.

### A. The admission of the sexual acts occurring when the victim was 15

The Superseding Indictment charges that the defendant did engage in sexual acts between 2007, when the victim was 11 years old, and 2009, when the victim was approximately 13 years of age.[1] The evidence of the sexual encounter between the

---

[1] The United States prior to the first trial, the United States moved to introduce the fact that the sexual activity began when the child was approximately 4 years of age, prior to moving onto Barksdale Air Force Base. That motion was granted by the Court.

defendant and the victim when she was approximately 15 years old is admissible pursuant to Federal Rules of Evidence 414.

Federal Rules of Evidence 414 states:

Similar Crimes in Child-Molestation Cases

(a) Permitted Uses. In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter which is relevant.

Unlike 404b evidence, which may be admitted for limited purposes, Rules 413, 414, and 415 of the Federal Rules of Evidence are not limited.[2] "Rule 413 relaxes the longstanding bar to propensity evidence restricted by Rule 404b and allows the admission of such evidence in trials that involve charges of sexual misconduct." *United States v Guidry*, 456 F.3d 493, 501 (5th Cir. 2006).

> Because sexual assault allegations are often reduced to a swearing match, Congress aimed to assist the fact finder's assessment of credibility through allowing evidence of the defendant's extrinsic sexual misconduct as character or propensity evidence. See Enjady, 134 F.3d at 1431. Congress intended to expand the admissibility of character or propensity evidence relating to sexual assault by creating a broad exception to the prohibition in Rule 404(b). Id at 502-503.

In making the determination of whether the evidence may be admitted, the Court must determine if the probative value of the evidence is substantially outweighed by

---

[2] FRE 413 relates to similar crimes in sexual assault cases. FRE 414 relates to similar acts related to child sexual assault cases. FRE 415 relates to civil proceedings involving sexual assault or child molestation. The requirements for admissibility of evidence is the same in each of the rules.

the prejudicial effect. *United States v Caldwell*, 586 F. 3d. 338, 345 (5th Cir. 2009).

In the case at bar, the evidence the United States intends to introduce consists of one additional sexual act that the defendant engaged in with the victim. The sexual act, as well as the statements made in association with the sexual act, demonstrates the reason the defendant stopped sexually exploiting the victim. Because the evidence explains the reason the defendant discontinued engaging in sexual acts with the victim, it is highly relevant. The prejudicial effect of the evidence is minimal considering the other evidence that will be admitted in trial. This is especially true considering the fact that the evidence does not involve a separate victim. It involves the same victim as in the charged counts.

### B. The admission of the sexual acts the defendant engaged in with Jackie Sanchez as well as the defendant's statements made during one of the encounters

It is well settled that generally, relevant evidence makes the existence of a fact at issue more or less probable. Equally, relevant evidence is admissible unless the Rules provide otherwise. *Huddleston v. United States*, 485 U.S. 681, 687-688, 108 S.Ct. 1496, 1499-1500, (1988). Typically the standard for exclusion of relevant evidence is whether the probative value of the evidence is substantially outweighed by its prejudicial effect. *FRE 403*.

Evidence of the defendant's sexual activity with Jackie Sanchez, along with the statement the defendant made after a sexual act is admissible pursuant to Federal Rules of Evidence 404b. Federal Rules of Evidence 404b states:

> Rule 404 Character Evidence; Crimes or Other Acts
>
> (b)(2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

It is well settled that there is no requirement that the activity to be introduced must be criminal in nature. Instead, otherwise innocent conduct may be introduced as *modus operandi* evidence. *United States v Williams*, 900 F.2d 823, 826 (5th Cir. 1990). Like with Federal Rule of Evidence 414, the Court must weigh the probative value of the evidence against its prejudicial effect. Just as with Federal Rule of Evidence 414, in order to exclude the evidence under 404b, there must be a showing that the prejudicial effect of the evidence substantially outweighs its probative value. In describing how the Court is to assess the probative value of evidence, the Fifth Circuit has said:

> [p]robity in this context is not an absolute; its value must be determined with regard to the extent to which the defendant's unlawful intent is established by other evidence, stipulation, or inference. It is the incremental probity of the evidence that is to be balanced against its potential for undue prejudice. *Id* at 827

In the case at bar, the evidence of the sexual activity between the defendant and Jackie Sanchez was previously admitted without objection. When one considers the sexual activity along with the statements outlined above, there can be no doubt that the probative value of the evidence is not substantially outweighed by the prejudicial

effect.

As the Court is aware from the first trial, according the testimony of the victim, the defendant would regularly say "don't be mad, don't feel sad". One can understand why that statement might be made to a child that the defendant was molesting after the molestation had occurred to either be used to comfort the child or conceal the elicit sexual activity or both.

The fact that the defendant, while having an affair with an adult, would say the same words after the sexual act demonstrates a *modus operandi*, in which he had engaged and in which he continued to engage, in connection with his elicit sexual activity. Further, the defendant's reaction to being questioned by an adult about the reason he would say those words also demonstrate his recognition that that *modus operandi*, though effective with a child, was a mistake when engaging in sexual acts with an adult.

The evidence the undersigned seeks to introduce is both relevant and admissible under Rules 414 and 404b of the Federal Rules of Evidence. As the gate keeper, it is the role of the Court to assess whether the evidence is relevant and thereafter whether its probative value is substantially outweighed by the prejudicial effect. As demonstrated above, the evidence is both relevant and probative. Further, its probative value is not substantially outweighed by its prejudicial effect and is thus admissible.

WHEREFORE the United States prays that this honorable Court find that that probative value of the evidence outlined above outweigh its prejudicial effect and allow for its admission pursuant to Federal Rules of Evidence 414 and 404b.

        Respectfully submitted,

        ALEXANDER C. VANHOOK
        Acting United States Attorney

By:   *s/ John Luke Walker*
        JOHN LUKE WALKER, ID # 18077
        Assistant United States Attorney
        800 Lafayette Street, Suite 2200
        Lafayette, LA 70501-6832
        Telephone: (337) 262-6618

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 15-CR-00223** |
| | * | |
| **VERSUS** | * | **JUDGE FOOTE** |
| | * | |
| **SHAWN D. DRIGGERS    (01)** | * | **MAGISTRATE JUDGE HORNSBY** |

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of June, 2017, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to counsel of record by operation of the Court Electronic Filing System.

*s/ John Luke Walker*
JOHN LUKE WALKER, ID # 18077
Assistant United States Attorney